[Cite as *Harris v. Colvin*, 2018-Ohio-2097.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Lucas Harris,                                    :

     Plaintiff-Appellee,                    :               No. 18AP-36
                                                                      (C.P.C. No. 16JU-11170)

v.                                               :

                                                                 (REGULAR CALENDAR)
Christina Colvin,                                :

     Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on May 31, 2018

---

**On brief:** *Christina Colvin*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations and Juvenile Branch

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Christina Colvin, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, granting the request of plaintiff-appellee, Lucas Harris, for shared parenting, the equal allocation of parenting time, and the termination of the administrative child support order issued in July 2008. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} In September 2016, Harris filed a complaint for allocation of parental rights and custody regarding the parties' minor child. In December 2017, and after holding a hearing regarding Harris' complaint, the trial court entered judgment finding that it is in the child's best interest that neither parent pay child support and that parenting time be shared equally. The trial court ordered, effective October 16, 2017, the termination of the

July 2008 Franklin County Child Support Enforcement Agency ("FCCSEA") administrative order No. AO7068433627 requiring Harris to pay monthly child support.

{¶ 3}   Colvin timely appeals.

## II.  Assignment of Error

{¶ 4}   Colvin assigns the following error for our review:

> The court erred in granting defendant-appellee Lucas Harris a judgment to terminate the CSEA administrative Order No.AO7068433627, issued on July 11, 2008.

## III.  Discussion

{¶ 5}   In her sole assignment of error, Colvin generally asserts the trial court erred in terminating the July 2008 child support order.  Colvin argues the trial court improperly relieved Harris of his existing financial obligations that have arisen under that order.  She requests the trial court judgment be modified to require Harris to pay any child support arrearage due, but she otherwise does not challenge the termination of the order, effective October 16, 2017.

{¶ 6}   The underlying basis of Colvin's assignment of error mistakenly presumes that the trial court's December 2017 judgment absolves Harris of any unpaid child support owed under the July 2008 child support order.  The trial court's December 2017 judgment does not absolve Harris of his child support obligations existing prior to the termination of the child support order on October 16, 2017.  "The termination of a court support order or administrative child support order does not abate the power of any court or child support enforcement agency to collect any overdue and unpaid support or arrearage owed under the terminated support order."  R.C. 3121.36.  Thus, the termination of the child support order on October 16, 2017, does not affect the court's or FCCSEA's power to collect any arrearage due under the terminated order.  Consistent with this statutory authority, on January 23, 2018 the trial court amended its judgment to expressly direct the FCCSEA to conduct an audit to determine if Harris has any child support arrearages.  The trial court further stated that if there are any arrearages, the FCCSEA must issue a liquidation order requiring payments at the monthly rate previously ordered, plus a processing charge.  Thus, Colvin's assertion that the trial court improperly absolved Harris of his obligations arising under the July 2008 child support order is not well-founded.

{¶ 7}   Accordingly, we overrule Colvin's sole assignment of error.

## IV.  Disposition

{¶ 8}   Having overruled Colvin's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.